# Exhibit A

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Latasha Currie**

## IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

| ERIC ROBINSON |
|---|
| |
| |

**Plaintiff**

Vs.

| XPO LOGISTICS FREIGHT, INC., XPO LOGISTICS, INC., XPO LOGISTICS DRAYAGE, LLC., XPO LOGISTICS, LLC., VINCENT M. BOOKER, AND SAFECO INS. CO. OF AMERICA |
|---|

**Defendant**

2022CV00025
_____
Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

CLYDE E. RICKARD, ESQ.
THE LAW OFFICE OF RICKARD, DREW & NIX
229 PEACHTREE ST NE, STE 2420
ATLANTA, GA 30303

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Latasha Currie
By:_____
Deputy Clerk

Case 1:22-cv-00708-CAP   Document 1-1   Filed 02/18/22   Page 2 of 9

2022CV00025

e-Filed 1/4/2022 4:43 PM

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ERIC ROBINSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>XPO LOGISTICS FREIGHT, INC., )<br>XPO LOGISTICS, INC., )<br>XPO LOGISTICS DRAYAGE, LLC., )<br>XPO LOGISTICS, LLC., )<br>VINCENT M. BOOKER, and )<br>SAFECO INS. CO. OF AMERICA, )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br><br>FILE NO. 2022CV00025 |

# **C O M P L A I N T**

**COMES NOW** Plaintiff herein and files this Complaint for money damages as follows:

1.

Defendant XPO Logistics Freight, Inc., is a foreign corporation, qualified to do business in the State of Georgia, whose registered agent, Registered Agent Solutions, Inc., has been served with process at 900 Old Roswell Lake Pkwy, Suite 310, Roswell, Georgia 30076. Defendant XPO Logistics Freight, Inc. is therefore subject to the jurisdiction and venue of this Court.

2.

Defendant XPO Logistics, Inc. is a foreign corporation whose registered agent, Registered Agent Solutions, Inc. has been served with process at 838 Walker Road, Suite 21-2, Dover, Delaware, 19904 and is therefore subject to the jurisdiction and venue of this Court.

3.

Defendant XPO Logistics Drayage, LLC., is a foreign corporation, qualified to do business in the State of Georgia, whose registered agent, Registered Agent Solutions, Inc., has been served with process at 900 Old Roswell Lake Pkwy, Suite 310, Roswell, Georgia 30076. Defendant XPO Logistics Drayage, LLC. is therefore subject to the jurisdiction and venue of this Court.

4.

Defendant XPO Logistics, LLC., is a foreign corporation, qualified to do business in the State of Georgia, whose registered agent, Registered Agent Solutions, Inc., has been served with process at 900 Old Roswell Lake Pkwy, Suite 310, Roswell, Georgia 30076. Defendant XPO Logistics, LLC. is therefore subject to the jurisdiction and venue of this Court.

5.

Defendant Vincent Booker resided in Dekalb County, Georgia at the time of the incident complained of and now resides in Florida. Defendant Booker is subject to the jurisdiction and venue of this Court, having been personally served with a copy of the Complaint with discovery and summons attached at his residence at 12463 Stone Bark Trail, Orlando, FL 32824.

6.

Defendant SAFECO Insurance Company of America issued a policy of liability insurance to Defendants which policy was in full force and effect on the date of the occurrence complained of herein and which covered the occurrence complained of herein and as such may be properly joined in this action pursuant to O.C.G.A. § 40-1-112(c), O.C.G.A. § 40-2-140(d)(4), and other applicable law.
.

Copy from re:SearchGA

7.

Defendant SAFECO Insurance Company of America is subject to the jurisdiction and venue of this Court pursuant to OCGA §46-7-12.

8.

On or about December 30, 2019, on a private roadway known at 4000 Corporate Parkway, Forest Park, GA 30297, Plaintiff Eric Robinson was operating his tractor trailer in a safe and prudent manner.

9.

On or about said date, the vehicle in which the Plaintiff was driving was impacted by a tractor-trailer being driven by Defendant Booker and owned by Defendant XPO Logistics Freight, Inc.

10.

On or about said date, the vehicle in which the Plaintiff was driving was impacted by a tractor-trailer being driven by Defendant Booker and owned by Defendant XPO Logistics, Inc.

11.

On or about said date, the vehicle in which the Plaintiff was driving was impacted by a tractor-trailer being driven by Defendant Booker and owned by XPO Logistics Drayage, LLC.

12.

On or about said date, the vehicle in which the Plaintiff was driving was impacted by a tractor-trailer being driven by Defendant Booker and owned by Defendant XPO Logistics, LLC.

Copy from re:SearchGA

13.

Defendant Booker was at all times material hereto an agent and employee of Defendant XPO Logistics Freight, Inc., and was acting in said capacity as an agent for and on behalf of said Defendant XPO Logistics Freight, Inc.

14.

By reason of the principal/agent relationship that existed between Defendant Booker and Defendant XPO Logistics Freight, Inc., at said time and place, any negligence on the part of Defendant Booker in the operation of said motor vehicle is imputed to Defendant XPO Logistics Freight, Inc.

15.

Defendant Booker was at all times material hereto an agent and employee of Defendant XPO Logistics, Inc., and was acting in said capacity as an agent for and on behalf of said Defendant XPO Logistics, Inc.

16.

By reason of the principal/agent relationship that existed between Defendant Booker and Defendant XPO Logistics, Inc., at said time and place, any negligence on the part of Defendant Booker in the operation of said motor vehicle is imputed to Defendant XPO Logistics, Inc.

17.

Defendant Booker was at all times material hereto an agent and employee of Defendant XPO Logistics Drayage, LLC., and was acting in said capacity as an agent for and on behalf of said Defendant XPO Logistics Drayage, LLC.

Copy from re:SearchGA

18.

By reason of the principal/agent relationship that existed between Defendant Booker and Defendant XPO Logistics Drayage, LLC., at said time and place, any negligence on the part of Defendant Booker in the operation of said motor vehicle is imputed to Defendant XPO Logistics Drayage, LLC.

19.

Defendant Booker was at all times material hereto an agent and employee of Defendant XPO Logistics, LLC. and was acting in said capacity as an agent for and on behalf of said Defendant XPO Logistics, LLC.

20.

By reason of the principal/agent relationship that existed between Defendant Booker and Defendant XPO Logistics, LLC., at said time and place, any negligence on the part of Defendant Booker in the operation of said motor vehicle is imputed to Defendant XPO Logistics, LLC.

21.

Plaintiff shows that the aforesaid collision was proximately caused by negligence of Defendants and said acts of negligence of said individual include, but are not limited to, the following:

(a) Immediately prior to the aforesaid collision, Defendant Booker misjudged clearance;

(b) Immediately prior to the aforesaid collision, Defendant Booker failed to take evasive action;

(c) Immediately prior to the aforesaid collision, Defendant Booker failed to warn;

Copy from re:SearchGA

(d) Immediately prior to the aforesaid collision, Defendant Booker failed to keep a proper look-out; and

(e) Any and all acts of negligence which may be shown at trial due to Defendants having failed to exercise ordinary care under the circumstances as required by O.C.G.A. § 51-1-2.

22.

As a direct result of said negligence on the part of said Defendants, Plaintiff incurred damages of medical expenses, lost wages, and extensive physical pain and mental anguish.

23.

All of the injuries to Plaintiff as stated herein are due to the negligence of the Defendants, and said negligence is the sole, direct, and proximate cause of injuries to the Plaintiff, unmixed with any negligence on the part of the Plaintiff or on the part of any other person. Plaintiff has needed medical treatment due to these injuries and will continue to need treatment in the future. A partial list of that treatment is as follows:

**Medicals**
1) **Concentra Urgent Care** — $ 2,865.83
2) **Sanaseri Chiro-Rehab Services** — $ 5,890.00
3) **ImageLink** — $ 5,400.00
4) **Center for Pain Management** — $ 11,186.00
5) **Pavilion Spine Surgery Center** — $ 33,555.00
6) **Recommended Future RFTC** — $ 20,681.00

      **TOTAL MEDICALS** — **$ 79,577.83**

Plaintiff also incurred lost wages as a direct result of his injuries in the amount of $34,188.00.

Copy from re:SearchGA

## COUNT TWO
## DIRECT ACTION SAFECO INS. CO. OF AMERICA

24.

Plaintiff realleges and incorporates by reference the foregoing portions of the Complaint as if set forth fully herein.

25.

Defendant SAFECO Insurance Company of America was the insurer of Defendants at the time of the accident and issued a policy of indemnity insurance to comply with the filing requirements under Georgia law.

26.

Defendant SAFECO Insurance Company of America is subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

27.

Defendant SAFECO Insurance Company of America is subject to a direct action pursuant to O.C.G.A. § 40-2-140 and Defendant SAFECO Insurance Company of America is responsible for any judgment rendered against Defendants for injuries to Plaintiff.

WHEREFORE, Plaintiff respectfully demands as follows:

(a) Process issue and Defendants be served with process according to law;

(b) That a judgment be entered for the Plaintiffs and against the Defendants for special damages for past, present and future medical expenses, lost wages, as may be shown by the evidence at the time of trial;

(c) That a judgment be entered for the Plaintiffs and against the Defendants, for general damages for her past, present and future pain and suffering in an amount as may be determined by the enlightened conscience of the jury;

(d) Plaintiffs have and be awarded a trial by jury; and

– 7 –

Copy from re:SearchGA

(e) Plaintiffs have such other and further relief as this court and jury may deem just and proper under the premises and circumstances.

**THE LAW OFFICE OF RICKARD, DREW & NIX**

By: /s/ *Clyde Rickard*
**CLYDE E. RICKARD**
State Bar No.  604625
**JESSICA C. NIX**
State Bar No. 940625
**MICHAEL P. DRAKE**
State Bar No. 257461
Attorneys for Plaintiff

229 Peachtree Street, N.E.
Suite 2420
Atlanta, Georgia 30303
(404) 588-1001

– 8 –

Copy from re:SearchGA